No. 3918

**Second Circuit**

## MONROE AUTOMOBILE & SUPPLY CO. v. BOWMAN ET AL.

(December 23, 1930. Opinion and Decree.)

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellee.

Edward L. Gladney, Jr., of Bastrop, attorney for defendants, appellants.

DREW, J. Plaintiff filed suit against Tom B. Bowman and W. C. Blanchard on eight promissory notes, asking for personal judgment against Blanchard, the maker, and Tom B. Bowman, the endorser. The notes are paraphed by a notary public to identify them with a certain act of sale and chattel mortgage between the plaintiff and W. C. Blanchard, the notes being annexed to and made part of the petition. The petition does not ask for recognition or enforcement of the chattel mortgage.

Blanchard could not be located and therefore was not cited, and has made no defense to the suit. Bowman answered, denying the indebtedness and alleging that he signed as accommodation endorser and that plaintiff—by filing suit for personal judgment against Blanchard, thereby destroyed, waived and discharged the lien and privilege to which Bowman was entitled to be subrogated, without his consent.

On these issues the case was tried and the lower court rendered judgment, as prayed for, in favor of plaintiff and against the defendant, Bowman. From this judgment, Bowman has appealed.

Plaintiff sold to W. C. Blanchard an automobile part on credit and took a chattel mortgage on the car for the credit portion of the price. The notes were made by Blanchard and endorsed by the defendant, Bowman. The notes are past due and executory, and there is no dispute over the amounts of the notes. The only question in the case is whether the plaintiff, by bringing suit for personal judgment against the defendants and not asking for recognition of his lien and privilege under said chattel mortgage, has released the endorser, admitted to be an accommodation endorser, from liability thereon.

The evidence shows that prior to the filing of the suit, the vendee, Blanchard, had a wreck in the automobile and completely destroyed it, or rendered it worthless. Defendant objected to this testimony and it was admitted over his objection. The evidence, we think, was properly admitted. Defendant's defense is that he is released from liability as endorser for the reason

that plaintiff did not preserve its privilege against the automobile and plaintiff was entitled to the right to rebut that defense by showing why it did not preserve its lien and privilege on the car.

The defendant, having specially put at issue the question asked by plaintiff in his answer and there being no replication allowed in pleadings in this state, the evidence was properly admitted by the trial court. (Code of Practice, art. 329.)

The law does not require that plaintiff do a vain or foolish thing and it would have been both vain and foolish to ask for recognition of vendor's lien and chattel mortgage on property shown to be worthless. The endorser could not have been helped by preserving for him an article that was absolutely worthless, as the car in this instance was proven to be. He is in the same position that he would have been had the chattel mortgage been on live stock that had died prior to the filing of the suit. The preservation of a lien and privilege on something that does not exist is not required of the vendor in order to proceed against the endorser of the notes given for the purchase price. If the evidence had shown the car to be of any value, then probably the contention of defendant would have prevailed. But, under the evidence in the case, his contention is without merit.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with all costs.